# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,

    Plaintiff,

v.                                         Case No. 12-CV-71

CALUMET COUNTY, KENNETH KRATZ,
PEGGY A. LAUTENSCHLAGER,
R. NICK STAHLKE, KIM J. SKORLINSKI,
THOMAS FASSBENDER, MARK WIEGERT,
WENDY BALDWIN, GERALD A. PAGEL,
BARBARA VAN AKKEREN, DONALD A. POPPY,
and SHERRY CULHANE,

    Defendants.

## SCREENING ORDER

Plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed this pro se action under 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff has filed an amended complaint, which is the operative complaint in this case. See Fed. R. Civ. P. 15(a)(1). He paid the full filing fee. Thus, his petition for leave to proceed in forma pauperis will be denied.[1]

Regardless of plaintiff's fee status, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Because he is not proceeding in forma pauperis, plaintiff is responsible for serving defendants. However, the court may order that service be made by a United States marshal or deputy marshal at plaintiff's request. See Fed. R. Civ. P. 4(c)(3).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must

2

be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was a pretrial detainee incarcerated at the Calumet County Jail at all times relevant. Defendant Kenneth Kratz was the Calumet County District Attorney and lead prosecutor in the criminal case against plaintiff; Peggy A. Lautenschlager was the Wisconsin Attorney General; R. Nick Stahlke and Sherry Culhane were laboratory analysts with the Wisconsin State Crime Laboratory; Kim J. Skorlinski and Thomas Fassbender were investigators with the Wisconsin Department of Justice; Wendy Baldwin was an officer with the Calumet County Sheriff's Department; Gerald A. Pagel was the Calumet County Sheriff; Barbara VanAkkeren was the Calumet County Clerk of Court; Donald A. Poppy was a Calumet County Circuit Court Judge; and Calumet County runs the Calumet County Sheriff's Department which sets county policy and supervises its officers.

According to the complaint, on November 5, 2005, while plaintiff and his family were spending time together on the family property in Stephenson Town, Wisconsin, several Marinette County Sheriff's Department officers arrived and questioned them at length. Eventually, the

3

officers left and plaintiff asked his nephew, Brian Dassey, to drive plaintiff's Pontiac Grand Am to the store for food. Dassey complied, and shortly after he drive away he was pulled over. The Grand Am was seized and towed away, although no search warrant was served. Shortly thereafter, officers returned to the family property and seized an International Harverster Flatbed truck, also without a warrant.

On November 5, 2005, Sheriff Pagel presented an affidavit for search warrant to District Attorney Kratz, who notarized the document. On the same day, Officer Baldwin obtained a search warrant from Judge Poppy for six items or classes of items from the Pontiac Grand Am and International Harvester Flatbed truck. Investigator Skorlinski indicated on the warrant that it was served at 12:15 p.m. on November 6, 2005. He submitted a return of search warrant for the vehicles on November 7, 2005.

Within days, the tow truck was released to Charles E. Avery. On November 9, 2005, Attorney General Lautenschlager signed off on the Grand Am being held by the State for analysis. The Grand Am was taken to the Wisconsin Crime Lab in Madison for further processing due to a preliminary analysis that blood was found inside the vehicle. While at the Crime Lab, defendants Stahlke and Culhane entered the vehicle to investigate and collect samples. After sitting in the custody of Calumet County for an extended period of time, the Grand Am was eventually released to plaintiff's family. The vehicle needed repairs and was missing a substantial amount of gas.

Plaintiff claims he was denied his right to be free from unreasonable search and seizure and due process. He contends his vehicles were taken without a search warrant and that even if the warrant had been issued before the vehicles were seized, the warrant was defective, the seizure expanded beyond the warrant's legal parameters, and his property was damaged. According to plaintiff, the warrant was defective because probable cause was not established

4

in the affidavit and because there was no indication the affidavit was seen by the issuing judge, there is no record that Sheriff Pagel was sworn before the court in presenting his evidence in pursuit of the warrant, the warrant was issued by a Calumet County judge for items to be seized in a Manitowoc County criminal investigation, and because the warrant lacked a court seal. Plaintiff also asserts that the executing officers exceeded the parameters of the warrant by seizing and then holding plaintiff's car past any reasonable time needed to conduct the authorized search.

Next, plaintiff claims that defendants deprived him of benefits derived from his interest in possession of the Grand Am. He asserts that he could not use his vehicle to loan to others, sell to aid in funding his defense, or for any other purpose than any person with an interest may exercise. Plaintiff also claims that defendants damaged the vehicle and used his gas. Plaintiff seeks declaratory relief and monetary damages.

The Fourth Amendment protects a person's home from unreasonable searches. U.S. Const. amend. IV; see also, Griffin v. Wisconsin, 483 U.S. 868, 873 (1987). Warrantless searches "are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). Moreover, a warrant is valid only where it is based "upon probable cause, supported by Oath or affirmation, and particularly describ[es] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; see also, Jacobs v. City of Chicago, 215 F.3d 758, 767 (7th Cir. 2000). In addition, the Fourth Amendment provides a remedy when a citizen's property is unreasonably damaged during a police search. Heft v. Moore, 351 F.3d 278, 281 (7th Cir. 2003).

Plaintiff alleges that his Grand Am and truck were seized and searched without prior issuance of a valid search warrant, that officers exceeded the scope of the warrant that was

5

issued, and that his property was damaged. Plaintiff may proceed on his Fourth Amendment claim pursuant to 42 U.S.C. § 1983.

Plaintiff also advances claims under 42 U.S.C. § 1985(3) and § 1986. Section 1985(3) prohibits a conspiracy to deprive another of equal protection under the law, and the conspiracy must be motivated by racial, or other class-based discriminatory animus. Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Plaintiff fails to sufficiently allege such animus. Because plaintiff has failed to state a § 1985 claim, his § 1986 claim also fails. Smith, 550 F.3d at 617-18 (citing Hicks v. Resolution Trust Corp., 970 F.2d 378, 382 (7th Cir. 1992)).

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff serve upon each defendant a copy of the complaint, a waiver of service form, and/or summons, and a copy of this order.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2012.

    s/Lynn Adelman
    LYNN ADELMAN
    District Judge